STEVENS & WALKER, Respondents, *v.* STEWART, Appellant.

A delivery of an order for goods is only considered as a delivery of the goods themselves, where they are susceptible of an *immediate* delivery.

Where no question is raised as to the validity of the contract, or the effect of the Statute of Frauds, and where the question is as to the kind of delivery which effects a change of property, although the goods cannot be immediately deli-vered, the delay may be implied as one of the stipulations.

But, where delivery of the goods is necessary to make the contract, a symbolical delivery can only be effectual, where it can be followed by an actual delivery.

The plaintiff contracted with defendant for certain goods on board a vessel, and delivered to him a bill of sale and an order on the captain of the vessel for the delivery of the goods. When defendant presented the order, he was informed that the goods could not be discharged for some time, to which defendant replied that he would then have nothing to do with them, and nine days elapsed before they were discharged, of which defendant had notice, but refused to take them, and pleaded the Statute of Frauds. The court below charged the jury that the bill of sale and order took the case out of the Statute of Frauds. Held, that this was error.

APPEAL from the Superior Court of the City of San Francisco. This action was brought for the recovery of $714, the price of

408 gallons of turpentine, which the complaint charges that the defendant bought of the plaintiffs, on the 4th August, 1852, which was at the time of the contract on board the ship Hamburg, and that the plaintiffs gave an order to the defendant for the same at the time of the purchase aforesaid, and which, the plaintiffs allege, was within a reasonable time, to wit, the 13th day of August, discharged from the said vessel, of which notice was given to the defendant, with request that he should comply with his said contract, and take the said turpentine, and pay the said price thereof; all of which he refused to do, and prays for judgment, &c.

The defendant's answer admits the purchase of the turpentine as charged, and that he then received of the plaintiffs a bill of sale, and an order from the plaintiffs, on the captain of the ship in which the same was contained, for the delivery thereof, and applied therefor, presenting the said order, and was then ready and willing to pay for the same as agreed upon; but that the same was not delivered nor ready to be delivered for a long time, and as defendant believes an unreasonable time, viz., for the space of nine days. That defendant told the plaintiffs at the time of receiving the order that he had already sold the turpentine, and that he would receive it from the wharf that same day, and by the terms of the sale it was so to be delivered; and that, by reason of the non-delivery, the defendant was unable to complete said sale of the same, which he had negotiated, and has sustained, by reason thereof, damage to the amount of $95, and therefore prays judgment, &c.

The cause was tried by a jury, who found for the plaintiffs $714. Defendant moved for a new trial, which was denied, and judgment rendered in accordance with the verdict.

The bill of sale and order, as set forth in the statement, are as follows :—

SAN FRANCISCO, Aug. 4, 1852.

Mr. JAMES STEWART,

Bought of STEVENS, WALKER & Co.,

7 cases cont. 4 cans each, spts. turpentine,

Each can 6 gallons, 408 gals. a $175 . . . $714

SAN FRANCISCO, Aug. 4, 1852.

Capt. Ship Hamburg,
        Broadway Wharf,
    Please deliver this order of James Stewart, 17 cases spirits
turpentine, marked S, and oblige,

STEVENS, WALKER & Co.

And the defendant proved, that when he presented the said
order to the discharging clerk of the said ship, he informed him
that the turpentine could not be discharged for several days, to
which defendant replied that he "then would have nothing to do
with it." It was also in evidence that the turpentine was dis-
charged on the 13th, of which defendant had notice, who refused
to receive it.

The defendant, when the evidence was closed, moved a nonsuit,
on the ground that the goods not having been delivered, the case
was within the Statute of Frauds, which the court refused, for the
reason that the giving of the order, accompanied by the bill of
sale, was a constructive delivery, sufficient to take the case out
of the statute, but sent the cause to the jury upon the question,
whether the actual delivery or readiness to deliver, was according
to the terms of the contract. The court charged the jury, that
the case was not within the Statute of Frauds, and it was for
them to say whether it was a part of the contract that the goods
were to be delivered immediately; that if they so found, they
might find for the defendant such damage as he had proved, but
if they should find that the goods were deliverable only as they
could be reached in the process of discharging the vessel, they
might find for the plaintiffs.

After the verdict and judgment, as above stated, defendant
moved for a new trial, which was denied, and defendant appealed.

*Clarke*, *Taylor*, and *Bickle*, for appellant.

Where goods are in the possession of a shipowner or wharfinger,
&c., or other agent of the vendor, a delivery order, accepted by
such agent, constitutes such agent the agent of the vendor, and
takes the case out of the Statute of Frauds. 5 Phil. Evid. 93;
2 Esp. N. P. 598; 3 Barn. & Cress. 423; Chitty on Cont. 681,
2, 3, 4.

The court erred in leaving to the jury the question of reasonable time, and in allowing a written contract to be varied by parol.

There is no brief on file for respondent.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The defendant relies on the Statute of Frauds. To avoid this defence the plaintiffs show, that after the parol agreement for the sale of the goods, they delivered to defendant an order upon the master of the vessel for the goods. It appears that upon presenting the order, the defendant was answered that the goods were not ready to be discharged, and would not be for several days, whereupon he abandoned the contract.

It is now insisted by the plaintiffs that the delivery of an order for the goods, was such a delivery as takes the case out of the Statute of Frauds.

Several cases have been cited to show that a delivery of an order is a delivery of the goods. But it seems very certain that it is only so considered where the goods are susceptible of immediate delivery.

There are other cases, where no question is raised as to the validity of the contract, or the effect of the Statute of Frauds, where the point to be decided was, as to the kind of delivery which effected a change of property, or completed the execution of the contract.

In many such cases, although the goods cannot be immediately delivered, the delay is implied as one of the stipulations. But where delivery is necessary to make the contract, a symbolic delivery can only be effectual where it can be immediately followed by an actual delivery.

It is urged that the proof in this case shows, that the defendant purchased with the knowledge that the goods were on shipboard, and therefore made the bargain with the implied understanding that they could only be delivered within such reasonable time as it required the vessel to discharge. This would be a good argument, if the contract had been in writing, to prevent the defendant from avoiding it for want of delivery. But the

argument itself proves a non-delivery, and there cannot be at the same time a delivery which takes the case out of the statute, and a good legal excuse for non-delivery.

Judgment reversed, with costs.